## G. H. COODY v. J. F. HARRIS.

Decided January 10, 1903.

**School Land—Additional Section Purchase—Occupancy of Home Section.**

Where plaintiff had acquired his home section of school land as a vendee of the original purchaser from the State, and had settled on the land, continuing his occupancy for three years and making proof thereof, his right to purchase additional land was not affected by the failure of his vendor to comply with the law as to actual settlement on the home section.

Appeal from the District Court of Knox. Tried below before Hon. J. A. P. Dickson.

*J. A. Stephens, C. E. Coombes,* and *Glasgow & Kenan,* for appellant.

*J. M. Morgan* and *R. M. Holman,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant applied to purchase the school land in controversy, section 148 in Knox County, as additional land, it being within a radius of five miles from section 166, which he had held under purchase from the State as an actual settler and vendee of one R. L. Adams, the original purchaser.

Appellee applied to purchase section 148 as as an actual settler thereon, and obtained the award of the Land Commissioner. This suit was consequently brought by appellant to recover that section, and resulted in a verdict and judgment against him.

The following special charge was given at the request of appellee: "The jury are instructed that unless they find from the evidence that the plaintiff and his vendor has complied with the law in the acquisition of his home section as the law is given you in the charge of the court relating thereto, you will not consider the law and the evidence relating to section 148, the land in controversy, but will find for the defendant." The court erred in giving this charge, because it submitted a false issue to the jury. True, whether R. L. Adams ever met the requirements of the law as to actual settlement in the original purchase was controverted in the evidence, but, in view of appellant's undoubted settlement and continued occupancy as the substituted purchaser, to say nothing of his proof of three years occupancy, it was an immaterial issue. Under this charge the jury may have ignored, and doubtless did, the true issues, which were, in brief, whether appellant had shown substantial compliance with the law in his application to purchase section 148, and whether his application reached the General Land Office before appellee's, or, if not, whether appellee was an actual settler when he made his application. Instead of giving at the request of appellee the special charge quoted above, we think the court should have given the third special charge requested by appellant. Whether the certificate of the Commissioner of the General Land Office read in evidence, over the objection of appellant, was admissible seems to be doubtful, since the

admissibility of a similar certificate was questioned by our Supreme Court in the case of Boaz v. Powell, 96 Texas, 3, 69 S. W. Rep., 976, the certificate in that case reading:

"I, Charles Rogan, Commissioner of the General Land Office of the State of Texas, do hereby certify that the records of this office show that the E ½ of section No. 34, cert. No. 2-1011, block No. 18, granted T. & P. Ry. Co., 320 acres in Jones County, Texas, was sold to T. J. Powell under the Act of 1897, January 25, 1901, as an actual settler upon his application and obligation to purchase the same as such dated January 22, 1901, and filed in this office January ·25, 1901, the award of said lands to said T. J. Powell being made February 27, 1901, by Charles Rogan, Commissioner of the General Land Office of the State of .Texas; said claim appears to be in good standing on the records of this office at this date.

"In testimony whereof, I hereunto set my hand and affix the impress of the seal of said office at Austin, Texas, the 20th day of May, A. D. 1901. Charles Rogan, Commissioner Gen. Land Office." ·

But this ruling need not occur on another trial, and we suggest that it be avoided.

For the error indicated, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*