### D. R. BOAZ v. T. J. POWELL.

Application No. 3512. Decided October 20, 1902.

**1.—Evidence—Certificate of Land Commissioner—Harmless Error.**

Declining to concur in the opinion of the appellate court herein that the certificate of the Commissioner of the General Land Office was admissible to defeat plaintiff's right to purchase school land as an actual settler, by showing a previous award to another applicant, and that to the latter, an actual settler, the land had been sold on his application and the same was in good standing, the court concur in the disposition of the case on the ground that the facts throwing on plaintiff the burden of showing that the former purchaser had lost his rights were shown by the findings to be established by evidence independent of such certificate. (Pp. 4, 5.)

**2.—Purchase of School Land—Actual Settler—Burden of Proof.**

To defeat the rights of a prior applicant to purchase school land, shown to be an actual settler thereon, plaintiff had the burden of proving that either defendant had never completed his purchase, or that he had in some manner forfeited his right before plaintiff made application. (P. 5.)

Application for writ of error to the Court of Civil Appeals for the Second District, in appeal from Jones County.

*D. G. Hill, John B. Thomas,* and *Theodore Mack,* for applicant [from application for writ of error].—The Court of Civil Appeals erred in refusing to sustain appellant's first assignment of error, predicated upon the error of the trial judge in admitting in evidence a certificate from the Commissioner of the General Land Office dated May 20, 1901, certifying in substance that the records of that office showed that the land in

cóntroversy was sold to T. J. Powell, under the Act of 1897, as an actual settler, and that said claim appears to be in good standing on the records of said office at the date of the issuance of said certificate. The trial court holding, in admitting said certificate in evidence, that it was prima facie proof that appellee, Powell, had made a valid file on the land in controversy.

It is here assigned as error that the admision of said certificate in evidence was prejudicial error, because the plaintiff below having made out a prima facie case of ownership of the land, the certificate of the Commissioner to the effect that he had sold the land in question to defendant on his application and obligation and that same is in good standing is a conclusion of law which he could not certify to, wherefore the error in admitting said certificate.

It will appear from the findings of the trial court adopted by the appellate court that the trial judge based his finding that Powell was an actual settler upon the certificate, the introduction of which in evidence was objected to by applicant. It further appears from the evidence that applicant was an actual settler on the land, and having brought himself within the terms of the law was entitled to the land, subject to be defeated by proof by defendant Powell of a prior right.

This cause is plainly distinguishable from the sound doctrine announced by your honors in Logan v. Curry, 5 Texas Court Reporter, 250. That case involved the construction of article 4218j, empowering the Commissioner to give a certificate showing that proofs of occupancy had been filed in the land office. Having the power to determine the question of occupancy, it is clear that he could give a certificate showing such fact. But in the case at bar it can not be successfully disputed that only upon compliance with the terms of the law as to actual settlement, execution of obligation, payment of purchase money and filing of affidavits did the defendant become entitled to an award of the land. Plaintiff having made out a prima facie case, the burden shifted to defendant to show a better right. Did he do this by legal and competent evidence? We submit that he did not. In addition to the authorities set forth in printed brief, we beg to direct the attention of the court to Gunnels v. Cartledge, 64 Southwestern Reporter, 806, as being in conflict with the decision made in this case. [The brief referred to did not reach the Reporter.]

GAINES, Chief Justice.—We are not prepared to concur in the ruling of the Court of Civil Appeals that the certificate of the Commissioner of the General Land Office was properly admitted in evidence; but we are of the opinion, that the error in the admission of the evidence, if error it was, did not prejudice the rights of the applicant. The applicant was the plaintiff in the District Court, and sought to recover by showing that the land in controversy was public free school land and had been properly classified, appraised, and put upon the market, and that he had settled upon the same, made proper applications to purchase,

and had tendered the cash payment and obligations required by the statute. The proof of these facts entitled him to recover, provided the land had not been previously purchased by an actual settler. But the trial judge found in his conclusions of fact that the defendant Powell had, previous to the plaintiff's application to purchase, become an actual settler upon the land, and had made application to purchase, and that the land had been awarded to him by the Commissioner of the General Land Office. It is expressly stated, however, in the findings, that this conclusion is based solely upon the certificate of the Commissioner, to the admission of which in evidence an exception had been taken. It was as to the introduction of this document in evidence that we have expressed a doubt as to the correctness of the ruling of the Court of Civil Appeals.

But the judge, referring to the certificate, adds in his findings the following: "I find from the other evidence that T. J. Powell was an actual settler in good faith on the land in controversy on January 22, 1901, the day he made his application to purchase, and has been such ever since that day." He also made this additional finding: "That the records of the county clerk's office of Jones County, show that the land had been originally classified as dry grazing land and put on the market at $1 per acre, and that said land had been sold to D. W. Godwin, and that said sale had been on February 2, 1901, canceled as illegal by the Commissioner of the General Land Office, and that said land had been sold to defendant Powell. This record in Jones County had been made as to cancellation of the Godwin sale on February 4, 1901, and the entry of sold to T. J. Powell was made either on that day or a few days thereafter."

Since the defendant was an actual settler upon the land and had made a previous application to purchase the same, we are of the opinion that, in order for the plaintiff to have prevailed in the suit, the burden was upon him to show that either the defendant had never completed his purchase or that he had in some manner forfeited his right before plaintiff made his application. This he failed to do.

The admission of the evidence being harmless, if erroneous, and there being in our opinion no other error in the record, the application is refused.

*Application refused.*