### DAVID BRIGGS v. F. H. KEY.

Decided December 5, 1902.

1.—State School Land—Void Award of Sale—Actual Settler.

Where the Commissioner of the General Land Office, upon an application to purchase school land as an actual settler thereon, awards the land to one who is not in fact an actual settler, the award is void, and does not have the effect of taking the land off the market.

2.—Same—Classification—Suspension of Sale.

The Act of 1901 (General Laws 1901, page 292) did not require a new classification and appraisement of the lands, nor did it suspend the sale thereof until the Commissioner could make up and send out the revised lists for which it provided.

Appeal from Liberty County. Tried below before Hon. C. B. Hightower.

*C. F. Stevens* and *H. E. Marshall,* for appellant.

*E. B. Pickett, Jr.,* for appellee.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by the appellee, F. H. Key, against the appellant, David Briggs, for the recovery of 503½ acres of land situated in Liberty County, described as school section No. 10, located for the State by

virtue of certificate No. 10-405 issued to the Houston Tap & Brazoria Railway Company. Each party claims the land by virtue of an application to purchase the same as an actual settler. The claim of Briggs was prior in point of time. Upon the verdict of a jury the court below rendered judgment in favor of the appellee. Briggs made application to the Commissioner of the General Land Office for the purchase of the land on September 3, 1900, and the same was awarded to him October 4, 1900, at $1 an acre; but the jury found that he was not an actual settler. The appellee filed an application for the purchase of the land on May 7, 1901, at $2 an acre. It was addressed to the Commissioner of the General Land Office and was filed with the county clerk and was accompanied by the affidavit and cash payment and obligation for the purchase money and in all respects complied with the law. It was shown by the evidence that he was an actual settler in good faith at the time he made the application. On May 27, 1896, the land was classified as dry grazing land and appraised at $2 an acre, and notice of such classification and appraisement was sent to the county clerk by the Commissioner of the General Land Office and was recorded by the county clerk in the proper record. This classification and appraisement was not shown to have ever been changed. At the time the appellee made his application for the purchase of the land the revised list of unsold lands for Liberty County had not been sent to the county clerk by the Commissioner of the General Land Office as required by the Act of April 19, 1901. Gen. Laws 1901, p. 292.

The land in controversy was placed upon the market for sale at $2 an acre by the classification and appraisement of May 27, 1896.

The award thereof to Briggs by the Commissioner of the General Land Office was void, and it was not taken off the market by such award. Easten v. Ferguson, 23 S. W. Rep., 918; Willoughby v. Townsend, 93 Texas, 80; Martin v. Marr, 62 S. W. Rep., 932. The Act of 1901 did not require a new classification and appraisement of the public lands offered for sale by the State, nor did it suspend the sale thereof, as contended by the appellant, until the Land Commissioner could make up and send out the revised lists. The appellee having shown a full compliance with the law in his application for the purchase of the land, was entitled to have it awarded to him. The judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.