, LIZZIE JONES v. A. T. WRIGHT.

No. 1391. Decided February 20, 1905.

**School Land—Accepted Application to Purchase—Burden of Proof.**

In an action of trespass to try title by an applicant to purchase school land against a prior purchaser whose application had been accepted and recognized by the Land Office, plaintiff had the burden of proving defendant's title to be invalid, and evidence that there was an existing lease of the land at the time defendant applied to purchase was not sufficient for this purpose, though defendant failed to prove the execution of transfers to him from the lessor, on file in the Land Office, and which he relied on to show his right to purchase in spite of the lease. (Pp. 457-459.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Schleicher County.

Wright sued Jones to recover land and had judgment therefor. Defendant appealed and on affirmance obtained writ of error.

*Hill & Lee* and *E. Cartledge,* for plaintiff in error.

*Brown & Silliman* and *N. A. Rector,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—The defendant in error was plaintiff in the District Court and plaintiff in error was the defendant. The action was trespass to try title, the petition containing the general allegations of title and the answer the plea of not guilty. The land involved was certain sections of school land in Schleicher County, which will be designated by numbers as sections 60, 61, 82, west one-half of 59 and east one-half of 71. The plaintiff claimed under rejected applications filed May 12, 1902, to purchase section 61 as his home section and the others as additional lands. The defendant had purchased the west one-half of section 59 as a home and the other tracts as additional lands in March, 1901, and her claim was in good standing and recognized as valid in the Land Office and in the Treasury Department. Each party claimed that the other was not in good faith an actual settler at the time of the respective applications, and evidence was

introduced upon those issues of which it is unnecessary to say more than that it was such as to require the submission of such issues to the jury. The plaintiff showed that sections 59, 61 and 71 had been regularly leased to one Childress in 1899 for a term of two years from August 26, 1899, and that the rents due upon it had been regularly paid, and one of his contentions was that, as defendant's purchase of her home (west one-half of section 59) was made before the expiration of this lease, such purchase was void, and that hence her purchase of all of the additional lands also failed; and that, as his applications were made after the expiration of the lease, when the lands had again become subject to sale, he was entitled to an award of them by the Commissioner of the General Land Office. To meet this contention the defendant offered certified copies from the Land Office of certain documents on file therein purporting to be transfers, which were excluded by the court on the ground that their execution was not proved. In charging the jury the trial court ignored the defendant's evidences of title in herself and submitted to the jury only the issues of fact upon which the validity of plaintiff's settlement and applications depended, and instructed, in substance, that if these were found in his favor, plaintiff would be entitled to a verdict. The assignments of error complaining of this action should, in our opinion, be sustained. The plaintiff with only rejected applications on which to rely to sustain his claim of title could not succeed, unless it appeared that at the time he made such applications he was legally entitled to purchase and that the action of the Commissioner in rejecting his claim was wrongful. The reason for the rejection was the existence of a prior sale to the defendant, which was a valid and legal reason unless such sale is shown to be void. As it was made and recognized by the officers of the government intrusted with such matters, and as defendant is in possession and enjoyment of the land under it, the presumption is that it is valid until the contrary affirmatively appears, and the plaintiff has the burden of proof to show its invalidity. Boaz v. Powell, 96 Texas, 3. This burden was not discharged by the evidence offered that a prior lease of the land had been executed, that the rent due had been paid, and that the term had not expired. As was held by this court in Tolleson v. Rogan, 96 Texas, 424, it was lawful for the Commissioner, under the Act of 1895-1897, in force when defendant purchased, to sell leased lands with the consent of the lessee, and not only does the evidence in this case fail to show that the sale to defendant was made without such consent, but the action of the Commissioner in selling, the continued recognition of the sale by him, and the possession of the defendant, undisturbed save by plaintiff, all tend to the inference and justify the presumption that such consent was given. If anyone but the lessee, or the State, can raise the question as to his consent to a sale actually consummated, which we need not determine, the burden would be upon the objector seeking to avoid such a sale to show the facts essential.

Until this is done the presumption is in favor of the legality of the sale. In the present state of the evidence the defendant is entitled to a judgment if the issue as to the sufficiency of her settlement upon the land is found in her favor and the court should have so instructed. Bates v. Bratton, 96 Texas, 279.

It is unnecessary to determine the question as to the admissibility of the copies of transfers from the Land Office, as what we have said disposes of the whole question to which that evidence related, and it will not probably arise in the same shape at another trial. The actions of the court in giving and refusing instructions as to the plaintiff's compliance with the law in making and maintaining his settlement were substantially correct and the objections urged to plaintiff's claim, other than that already discussed, were properly decided by the Court of Civil Appeals. Because of the error in the charge of the court the judgment is reversed and the cause remanded.

*Reversed and remanded.*