## J. B. Williams v. L. C. Barnes.

### Decided November 24, 1906.

School Land—Application to Purchase—Prematurity.

An award of school land upon a premature application to purchase the same will be upheld when there are no superior rights.

Appeal from the District Court of Donley County. Tried below before Hon. Ira Webster.

*J. N. O'Neal* and *Madden & Truelove,* for appellant.—The applications and obligations dated and filed in the office of the Commissioner of the General Land Office on the 12th of January, although filed prior to the time the notice of forfeiture and replacing of the land upon the market reached and was filed in the county clerk's office, coupled with the award of the Commissioner of the General Land Office, was legal and competent evidence of a right to the land in plaintiff, and, in the absence of a showing that rights thereto in favor of defendant had intervened and attached prior to such award, was sufficient evidence of plaintiff's superior title to the land, without other proof of prior settlement and subsequent occupancy. Hazelwood v. Rogan, 95 Texas, 307; Stewart v. Wagley, 29 Texas Civ. App., 107; Burnam v. Terrell, 97 Texas, 313.

That one claiming school land under an application which has been "rejected," as against one who claims under an "award," has the burden of proving that the land was on the market at the time he filed his rejected application, see: Knapp v. Patterson, 90 S. W. Rep., 163; Jones v. Wright, 84 S. W. Rep., 1053; Hood v. Pursley, 13 Texas Ct. Rep., 231; Smith v. Hughes, 12 Texas Ct. Rep., 858-9; Stalley v. Lilwah, 12 Texas Ct. Rep., 20; Trevy v. Lowrie, 14 Texas Ct. Rep., 75.

That where lands have been duly classified, appraised, and put upon the market, the first applicant who complies with the requirements of the law, becomes the purchaser, see: Sanford v. Terrell, 13 Texas Ct. Rep., 59; Knapp v. Patterson, 12 Texas Ct. Rep., 466.

*H. B. White* and *A. T. Cole,* for appellee.—The applications and obligations filed in the office of the Commissioner of the General Land Office two days prior to the time the notice of forfeiture and placing of the land on the market reached and was filed in the office of the county clerk, although endorsed "awarded" by the Commissioner of the General Land Office, is not competent evidence of a right to the land in plaintiff, where the record shows that applications and obligations, filed after notice was received by the clerk, were pending in the Land Office at the time the Commissioner made the award. Willoughby v. Townsend, 93 Texas, 84; Hazelwood v. Rogan, 95 Texas, 307; Ford v. Brown, 96 Texas, 541.

Where plaintiff's claim to land rested upon a rejected application, he is bound to prove that he has in all things complied with the requirements of law governing the sale of school land, including settlement and occupancy. Knapp v. Patterson, 90 S. W. Rep., 163.

Speer, Associate Justice.—This was an action of trespass to try

title instituted by appellant against appellee, resulting in a judgment in favor of the latter. The suit was to recover two surveys of school land of three hundred and twenty acres each, awarded to appellant in February, 1901, upon his applications of January 12, 1901, made at a time when the lands were not upon the market. The lands, however, were regularly placed upon the market on January 14, 1901, and on that day and at a later time in the day appellant made other applications identical with those made on the 12th, save as to dates, which he filed with the Commissioner of the General Land Office and which that officer marked "Rejected." Upon the trial the court excluded from the jury the application of January 12 for the reason that they were prematurely made, but admitted those of January 14. Appellant also introduced in evidence award cards in the usual form, issued by the Commissioner of the General Land Office, showing that the surveys in controversy had been awarded to him, said award cards bearing date February 15, 1901, and February 27, 1901, respectively. He also proved payment of one-fortieth of the purchase price, all interest payments up to date of trial, and that his account was in good standing in the General Land Office of the State. Appellee offered no evidence at all, and the court instructed a verdict against appellant because he had "failed to show that he was an actual settler at the time he filed upon the land in question and resided thereon in good faith, making it his home for the time required by law."

It has never been held, so far as we are aware, that an application to purchase school lands made at a time when such lands are not regularly on the market for sale is, because of such prematurity, void, or ineffectual as a basis upon which the Commissioner of the General Land Office might make an award. On the contrary it has many times been held that an award based upon a premature application will be upheld where the complainant had acquired no superior rights prior to the actual making of the award. (Hazelwood v. Rogan, 95 Texas, 295, Hendrix v. Gracey, 50 S. W. Rep., 137; Steward v. Wagley, 29 Texas Civ. App., 105.) In excluding the applications of date January 12, the court committed error for which the judgment must be reversed. The evidence fails to show, in fact appellee's pleadings would indicate to the contrary, that appellee acquired any rights whatever to the land in controversy prior to the awards to appellant. We think it is wholly immaterial that the Commissioner actually made the awards upon premature applications rather than upon the mature application of appellant then before him. If the reasoning in the cases above cited is sound, and we think it is, that officer had full power to make the awards upon the premature application, so far as the rights of appellee are concerned. Reversed and remanded for a new trial.

*Reversed and remanded.*