# MAY, 1909.

### L. C. BARNES v. J. B. WILLIAMS.

#### No. 1941.    Decided May 5, 1909.

**1.—School Land—Certificate of Occupancy.**

One who has made application to purchase school land, contesting the rights of a previous applicant whose application had been accepted, on the ground that the sale to him was void because he was not, at the time of applying, an actual settler upon the tract designated as his home, was not concluded by the subsequent action of the Land Commissioner in issuing to the first purchaser a certificate of three years occupancy on proof made before the Commissioner.    (P. 447.)

**2.—Same—Case Limited.**

The decision in Logan v. Curry, 95 Texas, 664, explained as a holding that the Commissioner's certificate of three years occupancy was conclusive only in cases where the rights of a third party had not intervened before its issuance.    (P. 447.)

**3.—School Land—Suspension of Sales.**

The Act of April 19, 1901 (Laws, 27th Leg., p. 292), did not have the effect to suspend sales of school land and take such lands off the market until the statement provided for in section one of such Act had been made to the County Clerk.    (Pp. 447, 448.)

**4.—School Land—Prima Facie Title—Charge.**

In an action between adverse claimants as purchasers of school land the one whose purchase is in good standing and recognized by the officers of the State in the manner prescribed by the statute has a prima facie case against an adversary who claims under a subsequent rejected application; the latter must show the facts which render his opponents title invalid and he, the holder of the recognized claim, was entitled to a requested instruction to that effect.    (P. 448.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Donley County.

Williams sued Barnes for the recovery of land, and appealed from a judgment for defendant.    On its reversal and rendition for appellant, Barnes obtained writ of error.

*A. T. Cole, H. B. White, F. B. Stanley* and *John R. Stanley,* for plaintiff in error.—Plaintiff must recover on the merits and strength of his own right or title without regard to the weakness or even absence of right or title of defendant, and the possession of defendant is valid and legal against all the world except the true owner or one lawfully entitled by the true owner to possession. Byers v. Wallace, 87 Texas, 503; Rice v. Railway, 87 Texas, 90. This rule applies to suits for school lands.    Gray v. Hendrix, 93 Texas, 26; Willoughby v. Townsend, 93 Texas, 80.

Defendant in possession, although without title, can defend by showing invalidity of right claimed by plaintiff under plea of not guilty.    Taylor v. Ferguson, 87 Texas, 6.

The Land Commissioner was a ministerial agent of the State without power or authority to award the land or to bind the State by contract with Williams, not an actual settler, and the contract claim and award of Williams were absolute nullities. Lewis v. Scharbauer, 33 Texas Civ. App., 220; Schwarz v. McCall, 94 Texas, 10; Willoughby v. Townsend, 93 Texas, 80.

Plaintiff Williams was legally bound to know his own lack of power to acquire the land except as an actual settler, and to know that the Land Commissioner as agent of the State had no right or power to award or contract the land to him. Green v. Hugo, 81 Texas, 452.

Though it appeared that appellant's claim to the land was in good standing and that a certificate of proof of occupancy had been issued to him by the Land Office, it was necessary only for appellee to show that he had acquired a right in the land prior to the making of such proof of occupancy. That intervening right might have been a settlement, occupancy and improvement in good faith as the law requires coupled with a rejected application to purchase. Lamkin v. Matsler, 32 Texas Civ. App., 218.

The courts heretofore have refused to give the certificate of occupancy any retroactive effect and to extend the rule in Logan v. Curry beyond the facts of that case. Lamkin v. Matsler, 32 Texas Civ. App., 218; Bumpass v. McLendon, 45 Texas Civ. App., 519.

The Court of Civil Appeals erred in its conclusion and holding in this case, in effect, that under the requirements of the law in force at the time appellee took possession of and applied to purchase this land such land could not be sold or purchased until it had been listed and appeared of record as unsold in the office of the county clerk of the county of Donley and the award to plaintiff cancelled.

*J. H. O'Neall* and *Madden & Truelove,* for defendant in error.—
If sale to appellant was not fraudulent, it took the land off the market. Duncan v. State, 67 S. W., 903; O'Keefe v. McPherson, 25 Texas Civ. App., 313; May v. Hollingsworth, 35 Texas Civ. App., 665.

If land was taken off the market by award to appellant, no one could acquire a right thereto by a subsequent application until it had been reappraised and placed upon the market. Willoughby v. Townsend, 93 Texas, 80; O'Keefe v. McPherson, 25 Texas Civ. App., 313; Bates v. Bratton, 96 Texas, 282.

To place land on the market under the Act of 1901, under which appellee claims, it must not only have been classified and appraised, but also listed by the Commissioner of the General Land Office with the clerk of Donley County, appellant Williams having purchased under prior law. Willoughby v. Townsend, 93 Texas, 80; Ford v. Brown, 96 Texas, 537; Act of April 19, 1901, sec. 1, page 292; Bates v. Bratton, 96 Texas, 282; Boswell v. Terrell, 97 Texas, 259.

It appearing that appellant's claim was in good standing and

that he had made and caused his proof of occupancy to be filed in the land office as required by the law under which he bought, appellee's rejected application was no evidence of a right in him as against appellant's claim, in the absence of a showing that he had acquired an intervening right to the land, acquired prior to the proof of occupancy; and to show such right it was necessary to have first shown:    (a) That appellant was not in fact residing on the land as a home on the 12th and 14th days of January, 1901, when he made his applications; and (b) That appellant had subsequently abandoned the land and a forfeiture had been declared and the land replaced upon the market as provided by law; and (c) That he, appellee, had in good faith settled and was residing on the land when his rejected application was made.    Bates v. Bratton, 96 Texas, 282; Jones v. Wright, 92 S. W., 1010; Perry v. Rutherford, 39 Texas Civ. App., 477; Thomson v. Hubbard, 69 S. W., 649; Bumpass v. McLendon, 45 Texas Civ. App., 519; O'Keefe v. McPherson, 25 Texas Civ. App., 313.

The proof of occupancy introduced by appellant was proof conclusive as against the world as to his settlement and occupancy of the land in question, except as against one having acquired a right which intervened prior to the time of the filing of such proof. Pardue v. White, 21 Texas Civ. App., 121; Logan v. Curry, 95 Texas, 664; Strickel v. Turberville, 67 S. W., 1058; Smith v. McClain, 39 Texas Civ. App., 152; Harper v. Dodd, 30 Texas Civ. App., 287.

The court should have charged the jury to find for plaintiff the land in controversy, because it appears from the evidence that plaintiff had prima facie title thereto as against the world except such party as may have acquired an intervening right prior to the time plaintiff filed his proof of occupancy in January, 1904, and the evidence fails to show that defendant had such intervening right in that it fails to show that the land had been classified, appraised and listed as unsold lands in Donley County, and such list by the Commissioner caused to be filed in the office of the county clerk of Donley County showing such land to be unsold land subject to sale at the time appellee made his application.    Pardue v. White, 21 Texas Civ. App., 121; Logan v. Curry, 95 Texas, 664.


MR. JUSTICE WILLIAMS delivered the opinion of the court.

This suit was brought by the defendant in error against the plaintiff in error to recover half sections Nos. 48 and 54 in Donley County, which had belonged to the school fund.    Both parties claimed as purchasers from the State.    The applications of plaintiff below were made and accepted by the Commissioner of the Land Office in January, 1901, and in 1904 he made proof of three years occupancy and received the statutory certificate of that fact.    The defendant, however, before such proof and certificate were made, had made his applications, July 30, 1901, which were rejected by the Commissioner January 19, 1903.

The defendant alleged and introduced evidence tending to show that the sale to the plaintiff was void for the reason that plaintiff

at the time it was made was not a settler in good faith upon No. 48, which was bought as his home tract. Among the contentions of plaintiff was one that defendant, at the time of his applications, was not a settler in good faith upon his home tract (No. 48) and that he therefore had no right to attack the sale to plaintiff.

These questions of fact, with correct instructions, were submitted by the trial court to the jury and verdict and judgment were rendered for the defendant, from which the plaintiff prosecuted an appeal to the Court of Civil Appeals. That court reversed the judgment and rendered one for the plaintiff, and from this the defendant prosecutes this writ of error.

One of the reasons given by the Court of Civil Appeals for its action was that the proof and certificate of occupancy produced by plaintiff precluded all inquiry as to the fact of his settlement upon the land. We are of the opinion that this was error. The decision of this court in the case of Logan v. Curry, 95 Texas, 664, does not go so far. In that case when the certificate of occupancy was issued no right had been acquired by any third person to be affected by the action of the Commissioner in issuing it. The only effect that was given to his certificate was that it determined the status of the sale so conclusively as to preclude subsequent purchases so long as the State allowed it to stand. That the Commissioner has the power to do that is one proposition, but that he has power to adjudicate the rights of other claimants already accrued, is quite a different one. We find nothing in the statutes which expressly or by construction gives him any such authority. It would be extremely difficult to give to such a certificate a greater effect than that given to a patent issued by him. While it is held that a patent which is not void is conclusive against claims subsequently accruing, it is equally true that prior ones are not concluded by the act of the Commissioner. He is entrusted by law with no power to adjudicate between rival claimants whose titles have become fixed. He may, and often must, pass upon the questions involved merely for the purpose of determining his own course of action; but that action, when taken, ordinarily has no conclusive effect on the titles upon which he thus incidentally passes. These may still be asserted and adjudicated in the courts. There is nothing in the statute which provides for a hearing of rival claimants, when proof of occupancy is offered. The proceeding is purely *ex parte,* and there is nothing in it to suggest that existing rights of any but the person offering it are to be considered. It would seem to be contrary to fundamental principles to give to such action a conclusive effect against other claimants of the land for a hearing of whom no provision is made. And this of itself indicates sufficiently that the Legislature intended no such effect.

Nor can we agree with the other position taken by the Court of Civil Appeals. It is, in effect, that school lands were taken off the market and sales thereof suspended by the Act of 1901 until the statement provided by section 1 thereof had been made to the county clerks. The Act does not so provide. This section was intended merely to give fuller and more accurate information as

to unsold lands in order to help purchasers and facilitate sale. It was not intended to stop sales which were then going on and continued to be made under other provisions. Such has been the practical construction of it, as appears from cases in this court, and we see nothing in the law requiring a different one. Other provisions were made under which sales could be and were continually made with which this provision in no way conflicts.

Having reached this conclusion we must see if the judgment should have been reversed for any other reason assigned by the defendant in error in the Court of Civil Appeals.

According to repeated decisions of this court and of the Courts of Civil Appeals, one who shows that his title consists of a purchase of school lands which is in good standing and recognized by the officers of the State in the manner prescribed by the statute makes a prima facie case against an adversary who claims under a subsequent rejected application. When the latter contends that the elder sale was void he must show the facts which invalidate it. The plaintiff sought to get the benefit of this rule by special charge No. 4, putting upon the defendant the burden of proving the fact by which he sought to defeat plaintiff's title, and there being nothing to that effect in the court's charge and the evidence being such as to make it proper, the special instruction should have been given. While the general charge contained nothing expressly relating to the burden of proof, the jury might well have gathered that such burden was on plaintiff.

For this reason the judgment of the District Court should have been reversed; but final judgment should not have been rendered by the Court of Civil Appeals. Other assignments present no reversible error. Judgments of the Court of Civil Appeals and of District Court reversed and cause remanded.

*Reversed and remanded.*