GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY CO. v. WARNKEN.

No. 1048.

**1.   Railway Company—Shipment of Cattle—Delay Not Unreasonable.**

Plaintiff shipped a carload of cattle (45 head) from Texas to Louisiana, and at a point on the way the car was set out from the train, in order that the cattle, after twenty-eight hours' confinement, might be unloaded, fed, and rested 'for five hours, as required by article 4386 of the Revised Statutes of the United States, and was sent forward by the next regular freight train which passed such point seven hours after the expiration of the five hours. Held, in an action for damages by the shipper, that an unreasonable delay was not shown.

**2. Same—Evidence—Presumption.**

Article 4388, Revised Statutes of the United States, provides that when animals
are carried in cars in which they can and do have proper food, water, space and
opportunity to rest, the provisions in regard to their being unloaded for five
hours shall not apply. Plaintiff accompanied the cattle, and, in an action against
the railway company for damages for delay, testified that there was no necessity
to stop and unload the cattle in order to feed and water them, but was silent as
to whether there was proper space in the car for them to rest. Held, that the pre-
sumption would obtain that the stoppage was made in a proper endeavor to com-
ply with the law.

**3. Same—Allegation of Partnership Between Railroads.**

Plaintiff's pleading in a Justice Court sufficiently charged a partnership between
two railroads to require a denial under oath, where it alleged that the roads "joint-
ly undertook to transport freight over said two roads, receiving a proportional
share of the tariff charges, and did under said arrangement existing between them
enter into said contract and undertook to transport plaintiff's cattle," and also
averred that the agent who signed the contract for the defendant was the agent
of both.

**4. Same—Pleading—Recovery Only for Damages Alleged.**

Where plaintiff, in an action against a railway company, claimed in his plead-
ing only the loss in the market value of cattle as the result of delay in their
shipment he was not entitled to recover damages consisting of expenses incurred
in keeping the cattle at the point of their destination.

APPEAL from the County Court of Colorado. Tried below before
Hon. E. J. SANDMEYER.

*Brown, Lane & Jackson,* for appellant.—1. A common carrier trans-
porting an interstate shipment of stock is prohibited by the statute laws
of the United States from confining such stock in cars during a longer
period than twenty-eight hours without unloading them and allowing
them to rest for at least five consecutive hours.

2. The carrier is not required to hold its train and crew at the rest-
ing place until the expiration of five hours nor to provide an extra engine
and crew in order that one carload of stock may continue the trip imme-
diately upon the termination of the five hours; and if the carrier causes
the shipment to proceed by the first freight train departing on regular
schedule time from the resting point towards the destination after the
required delay of five hours, then any delay beyond the period of five
hours while awaiting the departure of such train by its schedule time is
not unreasonable nor negligent. Rev. Stats. U. S., art. 4386; Railway
v. Montgomery, 16 S. W. Rep., 181.

3. By statute in this State a plea alleging partnership can only be
controverted by a denial under oath and unless so contraverted it is
presumed to be true. But in order to invoke this rule the plea of part-
nership must be distinct and unequivocal in its nature and effect; and
if the allegation when construed most strongly against the pleader is
susceptible of any other meaning than that of partnership, the excep-
tional rule of the statute requiring denial under oath does not apply,
but the general rules of pleading obtain. Rev. Stats., art. 1267; Texas
Plead. & Pract., sec. 24.

4. The charge should not submit to the jury an issue nor permit a
recovery which is not alleged nor claimed by the pleading. The plain-

tiff can only recover on the case made by his pleadings and cannot recover as part of his damage an element which is not alleged. As plaintiff claimed the entire damage amounting to $121.80 solely as the difference in market value of his cattle by reason of the delay, he was not entitled to recover for "extra expense in stabling and pasturing the cattle."

No brief for appellee reached the Reporter.

WILLIAMS, ASSOCIATE JUSTICE.—This is an action for damages resulting from delay in the transportation of a carload of cattle from Weimar, Texas, to New Orleans. The car was carried to Beaumont as part of a special train, and was then taken out in order that the cattle might be unloaded and rested for five hours, as required by the Act of Congress on the subject. Art. 4386, Rev. Stats. U. S. The special train proceeded on its way, and the car in question was forwarded by the first regular freight train passing Beaumont about seven hours after the expiration of the five hours. This train left Beaumont at the regular schedule time, and no delay is shown except such as thus occurred at Beaumont. It cannot be held that appellant was bound to hold the special train at Beaumont to await the expiration of the five hours in order that this car might be carried on to its destination in that train. It could not justify the detention of other freight contained in other cars for this purpose. Nor do we think it can be held that appellant was bound to furnish special transportation of only one carload of cattle. Its contract was not to deliver within a specified time, and the law implied a contract to deliver within a reasonable time, and no necessary or reasonable delay would constitute a breach of its duty. The mere detention of the car at Beaumont while awaiting the arrival of the first train by which the cattle, after being rested, could be forwarded, was not unreasonable, at least there is nothing in the record to show that it was.

The decision of the case must therefore depend upon the enquiry, whether or not appellant was justified in stopping the car at Beaumont in order to rest the cattle. The undisputed evidence shows that this stoppage was made in order to comply with the requirement of the law above cited, which provides, "No railroad company within the United States whose road forms any part of a line of road over which cattle or other animals are conveyed from one State to another * * * shall confine the same in cars * * * for a longer period than twenty-eight consecutive hours without unloading the same for rest, water and feeding for at least five consecutive hours, unless prevented from so unloading by storm or other accidental causes." Rev. Stats. U. S., art. 4386.

By article 4388, it is provided: "But when animals are carried in cars * * * in which they can and do have proper food, water, space and opportunity to rest, the provisions in regard to their being unloaded shall not apply." It was shown that these cattle were provided with

food and water in the cars in which they were carried, but it is not shown that they had space and opportunity to rest. The only evidence on this point is that forty-five cattle were contained in the car, and that at one point one of them was down and was tramped upon by the others. The capacity of the car is not shown. As stated before, the car was stopped at Beaumont solely to comply with this statute, and we think it is not to be presumed, in the absence of evidence, that the carrier's act in so doing was wrongful. The plaintiff accompanied the car, and if there was the proper space upon it for resting the cattle, he could easily have furnished evidence of the fact. He states that there was no necessity to unload in order to feed and water them, but is silent on the other point. To hold the defendant liable for this delay would be to presume that in endeavoring to comply with the law it had acted wrongfully. We think the presumption is to the contrary, and that it should be rebutted before a recovery can be had.

We think the pleading of plaintiff, considering that it was a case from Justice Court, sufficiently charged a partnership between the two roads to require a denial under oath on the part of the defendant. It averred that there was an arrangement between them by which they "jointly undertook to transport freight over said two roads receiving a proportionate share of the tariff charges and did under said arrangement existing between them enter into said contract and undertook to transport plaintiff's cattle." It was also averred that the agent who signed the contract for the defendant was the agent of both. The facts thus stated do not show simply a contract by each company to carry freight over its road, with a division of the charges, but a joint undertaking by both companies to carry over both roads with a division of the freight.

There was error in the charge on the measure of damages. Plaintiff claimed in his pleadings only the loss in market value of cattle as the result of the delay, while the testimony showed that part of the damage consisted of expenses incurred in keeping the cattle at New Orleans, and the charge allowed a recovery of them, when they were not sued for.

What has been said disposes of the various assignments.

Reversed and remanded.

*Reversed and remanded.*

Delivered March 12, 1896.