## S. A. BLANK v. JOHN E. ROBERTSON.

### Decided January 30, 1904.

#### Amendment—Plea in Reconvention—Dismissal.

Where the defendant, by his plea in reconvention, sought affirmative relief, it was error for the court upon sustaining plaintiff's demurrer to such plea, to refuse to allow defendant to amend, and to permit plaintiff to dismiss the entire cause. Rev. Stats., art. 1260.

Appeal from the District Court of Stonewall. Tried below before Hon. H. R. Jones.

*W. J. Arrington, J. W. Crudgington,* and *Theodore Mack,* for appellant.

*H. G. McConnell,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee, John E. Robertson, filed this suit in the District Court of Stonewall County, Texas, in trespass to try title against S. A. Blank, the appellant, for the recovery of four sections of public school land in said county. The appellant answered by general denial, a plea of not guilty, and further, by way of reconvention, he sought to recover both actual and exemplary damages for the wrongful issuance and service of a writ of sequestration in the case. When the case came on for trial the plaintiff applied to the court for leave to take a nonsuit, which was granted, and on the same day and later in the day, as he contends, interposed a general demurrer to the defendant's plea in reconvention, which was by the court sustained. Afterwards, the appellant asked leave of the court to amend his said plea in reconvention, which permission being denied, the action was thereupon dismissed.

We deem it unnecessary to discuss the question of the sufficiency of the plea in reconvention as against a general demurrer, inasmuch as we are clearly of the opinion that appellant should have been permitted to amend such plea upon the court's sustaining appellee's general demurrer. Appellee relies upon the case of Hoodless v. Winter, 80 Texas, 638, but clearly that case asserts no such doctrine as contended for by appellee here. In that case it was held error to refuse the plaintiff permission to dismiss the entire cause of action, for the reason that the defendants had interposed no pleading asking for affirmative relief of any character whatever. Everything set out in their special answer could have been proven under their general denial. The language of that decision indicates the true rule, which is, that where a defendant has by his pleadings sought some affirmative relief, the right of the plaintiff to discontinue the entire cause is forbidden. Rev. Stats., arts. 1260, 1301; French v. Groesbeck, 8 Texas Civ. App., 19, 27 S. W. Rep., 43 (writ

refused) ; Akard v. Western M. & I. Co., 34 S. W. Rep., 139 ; Short v. Hepburn, 89 Texas, 622.

For the error of the District Court in not allowing appellant to amend his pleading, and in dismissing the entire cause, the judgment is reversed and the cause remanded.

*Reversed and remanded.*