UNITED MOTOR DALLAS CO. v. HENDRICKS. (No. 7186.)

(Court of Civil Appeals of Texas. Dallas. June 20, 1914.)

DISMISSAL AND NONSUIT (§ 19*)—RIGHT TO DISMISS.

Under Rev. St. 1911, arts. 1900, 1955, providing that, where defendant has filed a counterclaim seeking affirmative relief, plaintiff cannot by discontinuance prejudice the right of defendant to be heard, an intervener, in a suit where plaintiff sought to enforce a lien for the repair of an automobile, cannot withdraw her plea of intervention without prejudice, where plaintiff joined issue on the plea and prayed that its lien be declared a superior lien.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 33–36; Dec. Dig. § 19.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by the United Motor Dallas Company against H. G. Newsom, in which Della L. Hendricks intervened. From an order permitting intervener to withdraw her plea without prejudice, plaintiff appeals. Reversed and remanded.

Burgess, Burgess & Chrestman, of Dallas, for appellant.

RAINEY, C. J. Appellant brought this suit against H. G. Newsom to recover the sum of $184.87, with interest, for labor and material furnished by appellant in the repair of a certain automobile, and for the foreclosure of the laborers' and mechanics' lien, the value of the automobile alleged to be $400. Newsom answered by general demurrer and general denial, but did not appear at the trial. Della L. Hendricks, by leave of the court, filed her plea of intervention, claiming the execution of a note to her by Newsom and a chattel mortgage issued to secure said note by said Newsom on said automobile, and asked the foreclosure of said mortgage, and that it be declared superior to plaintiff's lien.

Plaintiff joined issue with intervener and prayed that its lien be declared superior to intervener's mortgage.

The case was called for trial, and after plaintiff and intervener had introduced evidence, and before judgment, intervener withdrew, by consent of the court, her plea of intervention over the objection of plaintiffs. The defendant, Newsom, not having been present to present his defense to plaintiff's cause of action, the court dismissed intervener without prejudice, and entered judgment in favor of plaintiff against defendant, Newsom. Plaintiffs appeal from the action of the court allowing intervener to withdraw her plea of intervention without prejudice.

In this action the court was wrong, the plaintiffs having prayed for affirmative relief against the intervener by asking that their lien be adjudged superior to the mortgage of intervener; and they were entitled to have the issue adjudicated in this court. Revised Stats. 1911, art. 1900; R. S. 1911, art. 1955; Dunlap v. Southerlin, 63 Tex. 38. For failing to adjudge this issue, the judgment is reversed as to the intervener, and the cause is remanded, that said issue be adjudicated between them.

Reversed and remanded.