### WALKER v. HALEY et al.   (No. 2467.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 20, 1921. Rehearing Denied Jan. 12, 1922.)

1. Quieting title &⟶7(1)—Contract to devise land not in writing not cloud on title.

A contract to devise land was not a cloud on the title to land, where not in writing, and de-

fendant heirs, in an action to enforce the contract, were not entitled under a cross-bill to a judgment against the plaintiff quieting their title.

2. Quieting title &⟶44(1)—Defendants held to have burden of proof of right to relief.

In an action against heirs to enforce a contract of decedent to devise and bequeath property, wherein defendants prayed that the cloud on their title be removed, the burden was on defendants to show that plaintiff's claim was a cloud which they were entitled to have removed before a judgment in their favor was warranted.

On Motion for Rehearing.

3. Dismissal and nonsuit &⟶19(1)—Plaintiff may dismiss own suit at any time before retiring of jury.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1899, 1900, 1955, a plaintiff may dismiss his own suit at any time before the jury has retired, or a decision is announced, according to whether the trial is to a jury, or to the court alone, but his doing so will not be allowed to prejudice the right of the adverse party to be heard on his claim, if he has sufficiently pleaded one, for affirmative relief.

4. Trespass to try title &⟶33—Cross-bill, held insufficient.

Allegations in cross-bill, in a suit against heirs to enforce a contract to devise land, alleging that defendants were "seized and possessed" of the land described in the petition of the plaintiff, and that "the claim" of plaintiff constituted a cloud upon their title, held not sufficient to support an action in trespass to try title, as it did not appear that plaintiff was ever in possession of the land or was claiming an interest in it.

Error from District Court, Morris County; J. A. Ward, Judge.

Action by T. J. Walker against Bettie Haley and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

James C. Walker and Mollie E. Walker were husband and wife. They had no children. Both died intestate; he in January, 1919, and she in September, 1920. Plaintiff in error, James C. Walker's nephew, was the plaintiff in the court below. His suit was against defendants in error Bettie Haley, Mart Haley, W. D. Haley, Ed Haley, and Webster Haley, hereinafter referred to as defendants, who, he alleged, were the sole heirs of said Mollie E. Walker. He further alleged that in 1914, in compliance with a request of James C. Walker that he do so, he moved from Ireland, where he then resided, to Morris county, where he was induced by a promise of James C. Walker to devise and bequeath all his property to him if he did so, to live with said James C. Walker and work on his farm and assist him in the management of his affairs. He further alleged that said James C. Walker failed to comply with his promise,

but died intestate. He further alleged that at the time he died James C. Walker owned certain described lands in his separate right and an interest in the community estate between him and his wife, consisting of described lands and personal property. And he further alleged that the defendants had possession of all said land and personal property. His prayer was for judgment "establishing said will and," quoting, "awarding to the plaintiff his share in all of said lands and all said personal property," for a receiver, and general relief.

In their answer said defendants alleged that on the death of Mollie E. Walker they as her sole heirs "became seized and possessed with the fee-simple title to all the lands described in the plaintiff's petition, except as to the 160 acres of the Livingston Skinner survey and of this they were seized and possessed of an undivided one-half interest, and that they also are now the legal owners of all the personal estate of the said Mollie E. Walker and are entitled to the possession thereof. That the claim of the said plaintiff herein constitutes a cloud upon their title to the said land and premises, wherefore they pray that as to the said plaintiff's claim herein that they go hence without day, and that they have judgment against the said plaintiff quieting them in their title to the said land and premises, and for like title and possession of the personal property belonging to said Mrs. Mollie E. Walker at the time of her death, and for all such other and further relief as they may be entitled to at law and in equity."

Defendants in error Maggie Ann Walker, Alexander Walker, Joseph Walker, John M. Henderson, and C. F. Bolin intervened in the suit by a petition filed October 22, 1920, in which they alleged that they were interested in the subject-matter of the suit, in that they were heirs and assignees of heirs of James C. Walker and as such owned "the separate property owned by said James C. Walker at the time of his death, all of which is described in plaintiff's original petition herein filed, and all these interveners are the owners in fee simple of the said lands and are entitled to the title and possession thereof. Wherefore they pray against both plaintiffs and defendants for the title and possession of, in and to the lands described in plaintiff's petition, with writ of possession and such other relief general and special as they may be entitled to at law or in equity."

November 9, 1920, plaintiff in error filed a motion in which he declared he did "not desire to prosecute this action further, and prays the court to dismiss the same at his cost." The motion was overruled.

The trial was to the court without a jury. The appeal is from a judgment that plaintiff in error take nothing by his suit, and that the defendants and interveners, defendants in error here, do have and recover of ap-

pellant "the title and possession and be quieted in their title" to the land described in appellant's petition.

Lloyd E. Price, of Daingerfield, and Short & Feild, of Dallas, for plaintiff in error.

L. S. Schluter, of Jefferson, and Henderson & Bolin, of Daingerfield, for defendants in error.

WILLSON, C. J. (after stating the facts as above). The assignments attacking the judgment as erroneous because not warranted by the testimony will be sustained.

It appears from the record sent to this court that the judgment is without any evidence whatever to support it, so far as it is in favor of the interveners.

[1, 2] It further appears that the testimony relied on to support the judgment so far as it is in favor of the defendants consists of the part of plaintiff in error's petition which describes various tracts of land alleged to have been owned by James C. Walker and his wife, Mollie E. Walker, and proof that said James C. Walker and his said wife were married in 1896, that he died intestate in January, 1918 or 1919, and that she died intestate and childless September 16, 1920, leaving the defendants, who were her only heirs, surviving her. The only relief the defendants were entitled to on their pleadings, in any event, was a decree determining that the claim asserted by plaintiff in error to the land was a cloud on title they had thereto and removing it. Unless the alleged contract between plaintiff in error and James C. Walker was in writing it was not a cloud on the title to the land. Waters v. Lewis, 106 Ga. 758, 32 S. E. 854; Weyman v. City of Atlanta, 122 Ga. 539, 50 S. E. 492; Simkins, Equity, 814 et. seq.; 5 Pomeroy's Equity, 4827 et seq.; Henderson v. Davis, 191 S. W. 358; Raycraft v. Johnston, 54 Tex. Civ. App. 466, 93 S. W. 237; 1 Alexander on Wills, 173; 1 Underhill on Wills, 389. The burden was on defendants to show that plaintiff in error's claim was a cloud which they were entitled to have removed. As they failed to discharge the burden, it is obvious that a judgment in their favor, for that reason if for no other, was not warranted by the testimony.

Other questions presented by assignments are not likely to arise when the cause is tried again, and therefore need not be determined.

The judgment is reversed, and the cause is remanded to the court below for a new trial.

### On Motion for Rehearing.

In their motion the defendants in the court below (defendants in error here) insist that their "crossbill contained all the necessary allegations to support an action in trespass to try title," and that this court therefore erred when it held that the only relief they were entitled to in any event was

a decree determining that the claim asserted by plaintiff in error to the land was a cloud on title they had thereto, and removing it.

After further consideration of the record, we think the error of this court was in holding that the allegations in said defendants' cross-bill showed a right in them to any kind of affirmative relief, and in not sustaining the assignment in plaintiff in error's brief which challenged as erroneous the action of the court in refusing to permit him to dismiss his suit.

[3] The effect of the decisions construing the statute applicable (articles 1955, 1899, 1900, Vernon's Statutes) seems to be to determine that a plaintiff may dismiss his own suit at any time before the jury has retired or a decision is announced, according to whether the trial is to a jury or to the court alone, but his doing so will not be allowed to operate to prejudice the right of the adverse party to be heard on his claim, if he has sufficiently pleaded one, for affirmative relief. Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056; Oil & Mfg. Co. v. Kelley, 189 S. W. 1083; Barnes v. Williams, 143 S. W. 978. Therefore it is clear, without reference to whether it appeared from the allegations in said defendants' cross-bill that they were entitled to affirmative relief or not, it was error to refuse to permit plaintiff in error to dismiss his own case.

Perhaps the error should not be treated as a material one in a case where it appeared from the defendant's pleadings that he was entitled to affirmative relief and the trial was confined to issues made by such pleadings and the pleadings of the plaintiff in reply thereto.

[4] We think the error should be treated as a material one in this case, however, because the allegations in said defendants' cross-bill did not show they were entitled to affirmative relief, in that, if their suit was to remove a cloud from title they had, it did not appear from facts alleged that plaintiff in error was asserting a claim which constituted such a cloud. Heath v. Bank, 32 S. W. 778, where it is said, "in order to maintain such a bill, it must appear that the defendant holds something which is a cloud upon the title of complainant" and Story on Equity Pleading, § 262, from which the court in the Heath Case quoted as follows:

"The bill, too, should not only show the title and interest of the plaintiff in the subject-matter of the suit, but there must be sufficient averments to show that the defendant also has an interest in the subject-matter and is liable to answer to him therefor; for it has been well remarked that a plaintiff may have an interest in the subject of his suit, and the right to institute a suit concerning it, and yet may have no right to call on the defendant to answer his demands"

—and in that, if their suit was one of trespass to try title, as they claim it was, it did not appear from facts alleged that plaintiff in error was ever in possession of the land, or was claiming an interest in it. Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056; Barnes v. Williams, 143 S. W. 978; Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427. The allegations in question are set out in the opinion disposing of the appeal. It will be noted that they amount only to this—that said defendants were "seized and possessed" of the land described in the petition of the plaintiff in error, and that "the claim" of plaintiff in error constituted a cloud upon their title.

We are also of the opinion that if it appeared from the allegations referred to that said defendants' cross-action was one of trespass to try title, the testimony relied on to support it did not warrant the judgment. They insist they not only proved that they had possession of the land, but also proved that they had the title to it. In their cross-action they did not describe the land otherwise than by reference to the petition of plaintiff in error. Nine different tracts of land, aggregating 582 acres, were described in that petition. The only evidence of possession was the testimony of the defendant Ed Haley that he was living "on the Walker place in Morris county." The only evidence of title in said defendants was that referred to in said opinion, unless a recital in the statement of facts that they offered in evidence "all of the original deeds covering the lands described in the plaintiff's petition, and showing that with the exception of the 160 acres of the Livingston Skinner survey same were acquired by the said James C. Walker during his coverture with his said wife, Mollie E. Walker," should be treated as evidence.

The motion is overruled.