### LIDE & LANEY v. TEXAS & P. RY. CO.
### No. 3845.

Court of Civil Appeals of Texas. Texarkana.

March 6, 1930.

Crawford & Fletcher, of Grand Saline, for appellants.

Wynne & Wynne, of Wills Point, for appellee.

LEVY, J.

The suit was by the appellants to recover damages alleged to have resulted from negligent delay in the shipment of forty-four head of cattle from Grand Saline to Fort Worth. It was pleaded that the cattle were delivered for shipment at noon May 1, 1929, and not delivered at destination until late in the afternoon of May 2, 1929, too late for that day's market; and the cattle had to be held over until May 3, and part of them until May 6, because of their condition; and that by reason of the delay there was a loss in shrinkage of weight and injury, and also because of an extra feed bill of $10, making a total of $241.35 damages. After hearing the evidence, the court gave the requested peremptory instruction to the jury to return a verdict for the defendant. The appeal is to revise that ruling of the court.

█ It seems to be conceded that the instruction was requested and given upon the ground only that there was a lack of sufficient evidence by which to measure the damages claimed to have been sustained. The only witness testifying as to the injury to the cattle and the damages sustained was the appellant Lide. He testified in that respect as follows:

"I delivered the cattle to the railway company in good shape. I was in Fort Worth when the cattle arrived there. * * * They arrived at Fort Worth all skinned and bruised up, and the hair off of half of them. It took some of them until the sixth day afterwards before we were ever able to sell them. * * * I don't know exactly how much extra feed I had to buy by reason of holding the cattle (until May 6), but about $10.00 I believe. * * * Cattle were 25¢ to 50¢ lower on May 3 than on May 2. This class (age) of cattle brought from 7¢ to 10¢ on May 2. I was there and assisted in selling them. I could not say just exactly what was the market value of this class of

cattle in the condition they were in on May 3, 1929. * * * I was not present to see all the cattle weighed. I was paid according to weight. They weighed 21,315 pounds."

We think the above evidence does not, as is insisted by the appellee's attorney, authorize the submission of an issue as to damages in difference in the market value for negligent delay in transporting the cattle. There is insufficient proof of the market value. See rule correctly set out in Texas & P. Ry. Co. v. Boaz (Tex. Civ. App.) 22 S.W. (2d) 492. But it is believed that is sufficient evidence to raise an issue for the jury as to the money expended for extra feed made necessary by reason of having to hold some of the cattle until May 6. The petition specifically pleaded and included "extra feed at Fort Worth, $10.00" as an item of "damage sustained by plaintiffs by reason of the carelessness, default and negligence of defendant, its agents and employees as aforesaid." Such item is recoverable as an element of damages when pleaded. Hendrix v. Ry. Co., 107 Mo. App. 127, 80 S. W. 970. Recovery for the expense so incurred was denied in the case of Galveston, H. & S. A. Ry. Co. v. Warnken, 12 Tex. Civ. App. 645, 35 S. W. 72, 73, only because "plaintiff claimed in his pleadings only the loss in market value of cattle as the result of the delay."

The issue of negligence vel non as well as damages in the item stated being presented by the evidence, the error complained of would require the judgment to be reversed and the cause remanded, which is accordingly done.